# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| **Plaintiff,** | Case No. CR14-3008 |
| vs. | **ORDER FOR PRETRIAL DETENTION** |
| **GEORGE LYNN PERRY, JR.,** | |
| **Defendant.** | |

On the 3rd day of February, 2014, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Dan Chatham. The Defendant appeared personally and was represented by his attorney, Raphael M. Scheetz.

## I. RELEVANT FACTS AND PROCEEDINGS

On January 22, 2014, Defendant George Lynn Perry, Jr. was charged by Indictment (docket number 4) with conspiracy to distribute a controlled substance. At the arraignment on January 29, 2014, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on March 31, 2014.

Neither party offered any testimony at the time of hearing. Instead, the parties elected to rely on the information contained in the pretrial services report, and Defendant proffered that he would be able to live with his sister (who was in the courtroom) if released.

Defendant is 42 years old. He was born in Mason City, Iowa, and has lived there all of his life. Defendant was married during the 1990s, and no children were born to the

marriage. Defendant has three children (ages 17, 16, and 15), however, from another relationship.

For the past ten years, Defendant has lived "off-and-on" with his sister in Mason City and could return to live with her if released. Defendant has been unemployed since the summer of 2012, when he worked as a landscaper. Since that time, he has done "odd jobs." Defendant told the pretrial services officer that he suffers from high blood pressure, which has been untreated. He also believes he has a kidney problem because he experiences pain while urinating. Six years ago, Defendant was treated briefly for depression, but the condition has gone untreated since then and he no longer believes he has "issues with depression."

Defendant described his use of marijuana since age 18 as "spotty" and said he smokes typically once a month. He last used marijuana on the day prior to his arrest. Defendant also advised the pretrial services officer that he used methamphetamine on a daily basis in his early 20s, but then quit. Defendant relapsed when his father died in April 2013, however, and has used methamphetamine once a month since then. He last used methamphetamine two weeks prior to his arrest.

Defendant has an extensive prior criminal record, starting in 1997 at age 25. Defendant's convictions include theft in the fourth degree, domestic abuse assault, theft in the second degree (three times), driving while suspended (eight times), possession of a controlled substance, possession of a controlled substance third or subsequent offense (twice), failure to affix a tax stamp, possession of pseudoephedrine (twice), interference with official acts (three times), possession of drug paraphernalia, unauthorized used of a credit card, driving while barred as an habitual offender (five times), and trespass. Additional related charges incurred on the same dates were dismissed, apparently as part of a plea agreement. Defendant initially received suspended prison terms and probation for theft in the second degree, possession of a controlled substance third or subsequent

offense, failure to affix a tax stamp, and possession of pseudoephedrine. Defendant's probation was revoked and he was sent to prison in the summer of 2004. Also at that time, Defendant was sentenced to prison for an additional charge of possession of pseudoephedrine. That is, Defendant was serving five separate five-year prison terms. Defendant was paroled on May 19, 2005, but was subsequently placed in the violators program on October 27, 2005.

In 2009, Defendant received a suspended five-year prison term for unauthorized use of a credit card. He was subsequently found in contempt on two occasions, however, and his probation was revoked in March 2012. Defendant was paroled in September 2012.

On November 4, 2013, Defendant was sentenced to two years in prison for driving while barred, five years in prison for theft in the second degree, and five years in prison for possession of a controlled substance third or subsequent offense. Defendant appealed, however, and was released after posting an appeal bond.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of

3

conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or

4

alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in certain cases, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). For example, if the Court finds there is probable cause to believe that the person committed a drug offense for which a maximum term of imprisonment of ten years or more is applicable, or possessed a firearm in furtherance of a drug trafficking crime, or committed certain specified offenses involving a minor victim, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(A)(B) and (E). In a "presumption case," the defendant bears a limited burden of production – not a burden of persuasion – to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

## B. Analysis

Turning to the facts in the instant action, Defendant is charged with conspiracy to distribute a controlled substance. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(C).

Regarding the second step, there is a rebuttable presumption that Defendant should be detained pending trial. Because the Government did not offer any evidence at the

hearing, the Court is unable to make any determination regarding the weight of the evidence. *If* Defendant is convicted as charged, however, he faces a mandatory minimum 20 years in prison, and he could be imprisoned for the balance of his life. While Defendant has lived in Mason City all of his life and has never failed to appear for a court proceeding, the serious nature of this charge and the consequences associated with a conviction are factors to consider in determining Defendant's risk of flight. Defendant is unemployed and is an active drug user, having smoked marijuana the day prior to his arrest and having used methamphetamine two weeks before that. Most significantly, Defendant has a substantial prior criminal record. Defendant has a long history of committing additional crimes while charges are pending, while on probation, and while on parole.[1] The Court has no confidence that Defendant would comply with any terms or conditions which it may impose for his release. Accordingly, the Court finds Defendant should be detained pending the trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

---

[1] The indictment alleges that the conspiracy began on or about January 1, 2013, and continued "to the present." The Court did not hear any evidence regarding Defendant's role in the conspiracy, or whether his participation continued "to the present." The Court notes, however, that Defendant was sentenced to three separate state-court prison terms in November 2013, but was released after posting an appeal bond.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1.     The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2.     The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3.     On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4.     The time from the Government's oral motion to detain (January 29, 2014) to the filing of this Ruling (February 4, 2014) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 4th day of February, 2014.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA